**Stefanos KARROS, Libelant,**

v.

**S/S LIRYC, her boats, etc., in rem, and Constellation Shipping Co., etc., in personam, Respondents.**

**No. 8575.**

United States District Court
E. D. Virginia,
Norfolk Division.

Nov. 23, 1965.

Gerald Rubinger, Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., for libelant.

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for respondents.

WALTER E. HOFFMAN, Chief Judge.

Once again the troublesome question of declination of jurisdiction in matters involving foreign interests is before the Court.

Libelant is a Greek national who, at all times pertinent to his causes of action, was a member of the crew of the SS LIRYC, a vessel flying the flag of the Republic of Liberia and registered as such in Liberia. The vessel is owned by Constellation Shipping Co., S.A., incorporated under the laws of the Republic of Panama. *In personam* process was obtained.

Libelant's injuries were sustained on July 5, 1965, while the vessel was on the high seas, the details of which are not disclosed by the libel but which allege unseaworthiness and negligence occasioned by an inadequately lighted place to work. When the vessel docked at Norfolk, libelant was sent to a physician who, after examination, sent the seaman back to the vessel. According to statements of libelant's proctor, the seaman told a second engineer that he needed further medical assistance. He left the ship on the morning following his first examination and he never reported to the vessel or the vessel's agent thereafter. The vessel sailed in the interim. His proctor advises that libelant was subsequently examined and found "not fit for duty."

 The printed libel is on a form, the use of which has been unsuccessfully discouraged. Claims for illegal advances and failure to pay earned wages, etc., in violation of 46 U.S.C. §§ 596, 597, are asserted but libelant's deposition clearly establishes that libelant received, in proper time, all wages earned and no illegal advances were made. This allegation is not made in good faith and must be disregarded. Indeed, as to all causes of action alleged in the libel except for the first cause of action alleging unseaworthiness and negligence the Court, in the exercise of its discretion, would decline jurisdiction principally because the allegations are frivolous. Of course, it may later develop that the allegations set forth in the first cause of action are equally without merit, but this is a matter for subsequent determination.

Literally hundreds and perhaps a thousand or more similar cases have been past eleven years. Infrequently this Court has declined jurisdiction, especially in cases where the seaman was neither injured nor treated in this area and the vessel is owned by a foreign corporation which is the same as the vessel's flag. This is true even where there may be substantial contacts with American interests. However, the vast majority of cases has resulted in a denial of the motion to decline jurisdiction in typical situations presented here. Similar action would be taken here, without writing a memorandum, but for the fact that respondents' proctor has quite properly directed attention to Zouras v. Menelaus Shipping Co., 1 Cir., 336 F.2d 209, and Anastasiadis v. S/S Little John, 5 Cir., 346 F.2d 281. These authorities, especially Zouras, go far in upholding the court's right to decline jurisdiction but, nevertheless, they may be distinguished.

In both Zouras and Anastasiadis there was no proof of regular visitation by the vessel at any United States port. In the present case it appears that the vessel visited the Port of Hampton Roads in July, 1965 (when libelant came ashore following his injury) and, prior thereto, in October, 1964, and January and April, 1965. Obviously here we have a regularity of contact with American ports, and especially the port of the now forum.

Most assuredly there would be no convenience to transfer the case to the forum of another nation. If crew members must testify, their depositions will have to be taken wherever the case is tried and, if the vessel visits this port, such of the crew members still aboard would be available in this forum.

Respondents would have the Court relegate libelant to relief under Greek Law 551 which is the full equivalent of a typical workmen's compensation statute. The connections with Greece are (1) an employment agreement was signed in Greece whereby the parties agreed to be bound by the Greek Collective Agreement and the Greek Law, and (2) the stock interest in the Panamanian corporation is

held by a citizen of Greece. If relegated to Greece, there is no right to recover for unseaworthiness [1] as such doctrine is essentially unknown in Greece unless, of course, what may be characterized as unseaworthiness is tantamount to negligence. For reasons of their own, the Greek ownership interests have seen fit to incorporate under Panamanian law and register the vessel under Liberian law. At present the record would not indicate that the vessel ever visited Greece for any purpose—and certainly not on any regular run. Why, under such circumstances, should the respondents be permitted to select the forum favorable to their contentions when the law of the vessel's flag gives a right of recovery under the general admiralty non-statutory law of the United States?

■ We think that the teachings of Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, plainly indicate that the law of the flag must generally control the substantive rights of the parties in determining the action for personal injuries. In Anastasiadis the claim was essentially one for breach of a contract executed in Greece. The tendency of the law, except as forbidden by some public policy, is to apply *in contract matters* the law which the parties intended to apply. Lauritzen v. Larsen, supra. Of course, this is frequently complicated in cases involving Greek seamen as they invariably sign one contract in Greece and later sign the ship's articles in another port for a vessel flying an illusory flag. There are instances in which the rates of pay vary in which event it seems only reasonable to permit the seaman an election as to which contract he wishes to rely upon. In Zouras a personal injury was the basis of the action and, while we agree that the Jones Act was properly rejected in the absence of any affirmative showing that the real ownership of the vessel was held by American interests, we nevertheless feel that Liberian law could properly have been applied by a United States court in the exercise of proper discretion. But, as stated by the First Circuit, the question is one of discretion in each case.

In the absence of any further showing in the instant case, this Court prefers to exercise its discretion and retain jurisdiction by applying the law of the Republic of Liberia as to the tort action.

---

1. Santorinakis v. S.S. Orpheus, E.D.Va., 176 F.Supp. 343, aff'd 4 Cir., 279 F.2d 469.